# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| MATTHEW BROWN, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. _____ |
| v. | ) |
| OUTDOOR NETWORK CALL CENTER, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Matthew Brown ("Plaintiff" or "Brown") hereby files this Complaint against Outdoor Network Call Center, LLC ("Defendant" or "Outdoor"), alleging as follows:

## INTRODUCTION

1. Plaintiff is a former employee of Defendant, having worked for Defendant from 2017 to 2019.

2. Plaintiff asserts claims against Defendant for discrimination under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), venue is proper because all of the parties reside and/or conduct business within the Middle District of Georgia and the unlawful employment practices giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff resides in the Middle District of Georgia and is a citizen of Georgia. Plaintiff was an employee of Defendant at all times material to the Complaint.

6. Defendant Outdoor Network Call Center, LLC is a for-profit company licensed to do business in Georgia. Defendant transacts business in the Middle District of Georgia.

7. Defendant is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process, Seminole Management Properties, LLC, 1113 Seminole Lane, Albany, Georgia 31707.

8. Defendant is a covered employer under Title VII.

## ADMINISTRATIVE PROCEEDINGS

9. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. On September 25, 2020, the EEOC issued Plaintiff his notice of right to sue.

11. All administrative prerequisites for filing suit on Plaintiff's Title VII claim have been satisfied.

## FACTUAL ALLEGATIONS

12. Brown is black.

13. Brown worked for Outdoor from February 20, 2017 to October 2018 as a Parts Technician.

14. Brown was promoted in October 2018 to Assistant Call Center Manager. Brown was the only minority in management.

15. In January 2019, Outdoor hired a new Call Center Manager, Greg Barrett, who is white.

16. Shortly after Barrett's arrival, Brown was demoted to Customer Service Supervisor, which came with a degradation in job responsibilities.

17. On September 11, 2019, Brown reached out to Doris Santos Williams, the Human Resources Manager based in Tampa to question the change in his title.

18. On September 19, 2019, Outdoor terminated Brown.

19. Brown's white counterparts were not terminated for their performance failures.

20. Brown never received any sort of discipline while employed; instead, he received accolades, promises of advancement, and raises.

21. Brown was replaced by a white man.

22. Defendant's actions in terminating Plaintiff were in violation of Title VII and Section 1981 and were made with specific intent to cause harm to Plaintiff.

23. Defendant's actions in terminating Plaintiff in violation of Title VII and Section 1981 were willful, wanton, and in reckless disregard for Plaintiff's rights under Title VII and Section 1981.

24. On December 11, 2019, Plaintiff filed a Charge of Discrimination with the EEOC alleging race discrimination and retaliation in violation of Title VII with respect to his termination.

25. On September 25, 2020, the EEOC issued a notice of right to sue on Plaintiff's Charge of Discrimination.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*

26. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

27. Defendant's stated reason for terminating Plaintiff's employment is pretext for racial discrimination.

28. Defendant terminated Plaintiff because of his race.

29. Defendant's discriminatory termination of Plaintiff was in violation of Title VII.

30. Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

31. Defendant's discriminatory actions against Plaintiff were taken in bad faith.

32. As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

33. Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

34. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

35. Defendant's stated reason for terminating Plaintiff's employment is pretext for racial discrimination.

36. Defendant terminated Plaintiff because of his race.

37. Defendant's discriminatory termination of Plaintiff was in violation of 42 U.S.C. § 1981 ("Section 1981").

38. Defendant willfully and wantonly disregarded Plaintiff's rights under Section 1981 and acted in reckless disregard for Plaintiff's rights under Section 1981.

39. Defendant's discriminatory actions against Plaintiff were taken in bad faith.

40. As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

41. Pursuant to Section 1981, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) A declaration that Defendant has violated the rights of Plaintiff under the federal statutes listed above;

(b) A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c) Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g) Reasonable attorneys' fees and costs.

(h) Other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 22nd day of December 2020.

By: /s/ Eleanor Mixon Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

LEGARE, ATTWOOD & WOLFE, LLC
125 Clairemont Avenue, Suite 380
Decatur, GA 30030
Tel: (470) 823-4000
Fax: (470) 201-1212
Attorney for Plaintiff